UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Wilson,                                              Case No. 3:20-cv-2332

             Plaintiff

     v.                                                     MEMORANDUM OPINION
                                                           AND ORDER

Mark A. Zanghi,

             Defendant

## I. INTRODUCTION

*Pro se* Plaintiff William Wilson, an Ohio prisoner currently incarcerated at North Central Correctional Complex ("NCCC"), filed this civil rights action under 42 U.S.C. § 1983 against Muskingum County Prosecutor Mark A. Zanghi. Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. No. 2), which I grant by separate order.

For the reasons stated below, I am dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff alleges Prosecutor Zanghi violated his constitutional rights when he refused to file criminal charges against Muskingum County Sheriff Deputy Wade Kanaval. Plaintiff states in his Complaint that Deputy Kanaval used "excessive and unjustified force" during Plaintiff's arrest. Doc. No. 1 at PageID # 2. Plaintiff states that he attempted to file criminal charges against Deputy Kanaval but Prosecutor Zanghi refused. Plaintiff contends, therefore, that the prosecutor's refusal to file charges denied Plaintiff due process of the law and violated his right to redress his grievance in court. *Id.* at PageID # 3. Plaintiff seeks damages in the amount of $48,500.

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I am expressly required, however, under 28 U.S.C. § 1915(e)(2) to screen all *in forma pauperis* actions and to dismiss before service any such action that fails to state a claim upon which relief may be granted or that lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The Plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). That said, I am not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### IV. ANALYSIS

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988).

An inmate has a First Amendment right to reasonable access to the courts, including the right to file grievances. *See Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir.1997) (stating the right of access to the courts "finds support in" the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause, and the First Amendment"); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). However, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. *Linda R. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973). Thus, the benefit that a third party may receive from having someone else arrested for a crime does not trigger protections under the Due Process Clause, neither in its procedural nor substantive manifestations. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006); *see Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

Moreover, prosecutors are entitled to absolute immunity under § 1983 "for their conduct in 'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.

3

Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). This conduct is "intimately associated with the judicial phase of the criminal process" and is therefore why absolute immunity "appl[ies] with full force." *Imbler*, 424 U.S. at 430. Likewise, this immunity extends to a prosecutor's decision whether to prosecute a case. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). "The decision whether to prosecute is unquestionably advocacy and qualifies for *Imbler* protection." *Fields v. Doe*, 6th Cir. No. 07-4217, 2008 U.S. App. LEXIS 28481, at *4 (Dec. 11, 2008) (citing *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989)).

Accordingly, Wilson's allegations cannot give rise to any actionable legal claim under § 1983. As a private citizen, he has no right to compel Prosecutor Zanghi, an officer of the court, to bring criminal charges against another person. He therefore cannot bring a lawsuit to enforce his desire for prosecution of Deputy Kanaval. Additionally, Plaintiff cannot proceed with a suit for damages against Prosecutor Zanghi because the prosecutor is immune from damages concerning his decision not to prosecute. Wilson therefore fails to state a claim upon which relief can be granted.

## V. CONCLUSION

For the reasons stated above, I dismiss this action in its entirety under 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge